IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CASEY LYNN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:20-cv-485-JTA |
| | ) | (WO) |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Consent Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant filed by the Commissioner of Social Security ("Commissioner") on February 22, 2021. (Doc. No. 14.) In his Memorandum in Support of his Consent Motion, the Commissioner states remand is appropriate so the agency can fully develop the administrative record, to allow the claimant the opportunity for a new hearing, and to allow the claimant to submit additional evidence in support of her claim. (Doc. No. 15 at 1.) Further, the Commissioner states that the Appeals Counsel "will direct the Administrative Law Judge to reevaluate the residual functional capacity and obtain supplemental vocation evidence or otherwise comply with Social Security Ruling 00-4p to resolve all apparent conflicts and articulate the resolution of any apparent conflicts between the jobs identified and the Dictionary of Occupational Titles." (*Id*. at 1-2.)

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42

U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

Here, the Court finds remand necessary as the Commissioner concedes reconsideration and proper application of governing law, and further development of the record are in order. Moreover, Plaintiff does not oppose the motion. (*See* Doc. No. 14.) Further, pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. (Docs. No. 11, 12.)

Accordingly, it is hereby

ORDERED as follows:

1. The Commissioner's motion (Doc. No. 14) is GRANTED.

2. The decision of the Commissioner is hereby REVERSED.

3. This matter is hereby REMANDED to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

A separate final judgment will issue.

DONE this 23rd day of February, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE