IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CASEY LYNN WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | CASE NO. 3:20-cv-485-JTA |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by counsel for Plaintiff Casey Lynn Wilson ("Wilson") for an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 22.) The Commissioner does not oppose the motion. (Doc. No. 27.) Upon review of the motion and having undertaken an independent review of the character of the representation and the results achieved by Plaintiff's counsel in this case, the Court finds that the motion is due to be GRANTED.

## I.     DISCUSSION

Wilson retained attorney Brian Carmichael ("Carmichael") on September 7, 2018, for the purpose of appealing an adverse disability determination by the Social Security Administration. (Doc. No. 23-1.) As is typical in this type of case, the agreement for representation called for Wilson to pay Carmichael a fee equal to 25% of the past-due benefits, "with no cap," if Wilson prevailed in federal court. (*Id*. at 1.) Due to Carmichael's advocacy, on February 23, 2021, this Court reversed the agency's

administrative determination and remanded the case to the Commissioner pursuant to 42 U.S.C. § 405(g).  (Docs. No. 16, 17.)  Following remand, the Commissioner issued a fully favorable decision in Wilson's case and informed her that she was awarded past-due benefits.  (Doc. No. 23-4 at 4.)  The Social Security Administration withheld $19,921.00 of past-due benefits to pay a representative fee.  (Doc. No. 23-4 at 4.)

The motion before the Court seeks the full twenty-five percent as permitted under the fee agreement for a total fee of $19,921.00.  (Doc. No. 24.)  Carmichael states that no fees have been recovered as previously awarded to counsel under the Equal Access to Justice Act ("EAJA") in the amount of $4,424.45 (Doc. No. 21) due to notification that Internal Revenue Service applied all of Wilson's payment to a delinquent debt.  (Doc. No. 23-2 at 2-3).  Carmichael asks the Court to enforce his fee agreement with Wilson and requests an award of $19,921.00 from the recovered past-due benefits.  (Doc. No. 24 at 6.)

## II. APPLICABLE LAW

Section 406(b)(1)(A) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

2

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services "rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court."  *See id*.; 42 U.S.C. § 406(b)(2).

To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.  The Eleventh Circuit has held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).  Because Wilson was awarded past-due benefits following remand, the court may award attorney's fees under § 406(b).  *Culbertson v. Berryhill*, _ U.S. _, 139 S. Ct. 517 (2019).   Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must be repaid to the claimant or offset from the fees received under § 406(b).  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v. Comm. of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010) (approving offset of EAJA award from § 406(b) award).

The Court must determine whether a fee requested under 42 U.S.C. § 406(b) is reasonable.  *Gisbrecht*, 535 U.S. at 809.  The Eleventh Circuit cited *Gisbrecht* to explain that contingent-fee agreements are presumptively reasonable, but that "§ 406(b) calls for

court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (quoting *Gisbrecht*, 535 U.S. at 807).   Courts should evaluate an attorney's requested fee based on the "character of the representation and the results the representative achieved," and may reduce a windfall fee award if "the benefits are large in comparison to the amount of time counsel spent on the case." *Gossett*, 812 F. App'x at 850 (quoting *Gisbrecht*, 535 U.S. at 808).   An attorney for a successful claimant has the burden to demonstrate the reasonableness of the requested fee. *Gisbrecht*, *id*. at 807.

Here, Carmichael is seeking $19,921.00 in attorney's fees for 21.4 hours on this matter.   The Commissioner has not objected to the award amount requested and defers to the Court's determination of whether the fee request is reasonable.[1]   The Court's judgment about reasonableness is informed by *Gisbrecht*'s conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements.   Carmichael is experienced in representing Social Security claimants and, in addition to securing a fully favorable decision for Wilson, has represented over 200 Social Security claimants in this court.   Consequently, the Court concludes that payment in the amount of $19,921.00 is reasonable under the circumstances of this case.

---

[1] The Court notes that the Commissioner has no direct financial interest in the outcome of this motion, as her role is akin to that of a trustee for Plaintiff.   (*See* Doc. No. 27 at 1) (citing *Gisbrecht*, 535 U.S. at 798).

### III.   CONCLUSION

Accordingly, it is

ORDERED that, pursuant to 42 U.S.C. § 406(b), the motion (Doc. No. 22) is hereby GRANTED and the Commissioner shall pay to Wilson's attorney $19,921.00 of the amount previously withheld from her past-due benefits.

DONE this 21st day of September, 2022.

*/s/ Jerusha T. Adams*
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE